UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                  ORDER
v.                                         04-CR-30A

SAKHWAT ULLAH, JR.,

                      Defendant.

## INTRODUCTION

Currently before the Court are motions by the defendant, Sakhwat Ullah, Jr., for: (1) an extension of time to file objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 71); (2) transcripts (Dkt. No. 72); (3) authorization under the Criminal Justice Act, 18 U.S.C. § 3006A, for payment of fees for the requested transcripts (Dkt. No. 73); and (4) adjournment the trial set for August 23, 2005 (Dkt. No. 82). For the reasons stated, the motions are granted.

## BACKGROUND

On March 17, 2005, Magistrate Judge Leslie G. Foschio, to whom this matter had been referred, submitted a report and recommendation with respect to various motions made by the defendant. On March 30, 2005, the

defendant, who is proceeding *pro se* in this criminal matter, filed a motion for an extension of time to object to the Magistrate Judge's Report and Recommendation. The defendant also requested transcripts of proceedings held on January 27, 2004, February 11, 2004, April 22, 2004, May 20, 2004, October 5, 2004, and December 23, 2004.

On April 13, 2005, this Court granted the defendant's request for an extension of time and ordered that the defendant file his objections by May 31, 2005. In that same order, the Court denied the defendant's motion for transcripts without prejudice, upon further showing that the transcripts are reasonably necessary to articulate his objections.

On June 1, 2005, the defendant filed a second motion for an extension of time to file objections and a second motion for transcripts, see Dkt Nos. 71 and 72, and a motion for authorization under the Criminal Justice Act to pay for the transcripts. See Dkt. No. 73.

On June 15, 2005, the Court set a trial date of August 23, 2005 for this matter, and appointed attorney Herbert Greenman, Esq., as standby counsel for the defendant. On July 5, 2005, Mr. Greenman filed a motion to adjourn the trial date on the defendant's behalf. On July 13, 2005, the government opposed the motion to adjourn the trial.

## **DISCUSSION**

With respect to the defendant's motion for transcripts, the defendant states that he needs copies of the requested transcripts in order to adequately brief his objections to Magistrate Judge Foschio's Report and Recommendation. The defendant has also provided a more detailed explanation as to why he believes that each requested transcript is necessary. Upon review of the defendant's renewed motion for transcripts and in an abundance of caution because the defendant is proceeding *pro se*, the Court will grant the defendant's request. Accordingly, the defendant's motion for transcripts of proceedings occurring on January 27, 2004, April 22, 2004, May 20, 2004, October 5, 2004 and December 23, 2004, is granted. The defendant's request for authorization to pay for the transcripts with CJA funds is also granted.

The defendant's request for an extension of time to file his objections is also granted. The defendant requests that he be granted an extension of time "until the production of the transcripts" see Dkt. No. 71, at 1, to file his objections to the Report and Recommendation. The Court anticipates that it will take approximately 30 days to produce the requested transcripts. Allowing for that time, as well as time for the defendant to prepare and file his objections after the transcripts are produced, the Court will grant the defendant an additional 60 days from the date of this Order to file his objections. Therefore, the defendant shall have until **October 1, 2005**, to file his objections

to Magistrate Judge Foschio's Report and Recommendation.  That date should provide the defendant with sufficient time to obtain the transcripts and file his objections.

As to the motion to adjourn the trial, the defendant states that he is unable to be prepared for trial by that date, and requests an adjournment so that he can have more time to prepare his defense.  The defendant has been advised of his speedy trial rights and desires to adjourn the trial notwithstanding his right to a speedy trial.  See Dkt. No. 82, at 4.  In light of the defendant's *pro se* status and desire to waive his right to a speedy trial so that he can have more time to adequately prepare his defense, the Court will grant the defendant's motion.  The trial is hereby adjourned pending resolution of the defendant's objections to Magistrate Judge Foschio's Report and Recommendation.  If no objections are filed on **October 1, 2005**, the parties shall contact the Court for a meeting to set a trial date.

The delay until **October 1, 2005** is excluded from the Speedy Trial Act computations pursuant to 18 U.S.C. § 3161(h)(1)(F).  Further, the Court finds that the delay should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(8)(A), because the ends of justice served by such a continuance outweigh the best interest of the public and the defendant in a speedy trial.  The requested adjournment will provide the defendant with an adequate opportunity to prepare his objections to the Report and Recommendation, and to prepare for his

defense at trial, but is not so long as to unduly delay the public's interest in a speedy trial.

        IT IS SO ORDERED.

        /s/ Richard J. Arcara
_____
        HONORABLE RICHARD J. ARCARA
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

Dated:   August 1, 2005