UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                         DECISION AND ORDER
           v.                                                             04-CR-30A

SAKHWAT ULLAH, JR.,

                                Defendant.

## INTRODUCTION

         The defendant, Sakhwat Ullah, Jr., is charged in a two-count superseding indictment with illegally attempting to re-enter the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a), and making a materially false statement to the Department of Homeland Security, in violation of 18 U.S.C. § 1000(a)(2).

         Defendant initially appeared before Magistrate Judge Leslie G. Foschio on December 23, 2003, pursuant to a criminal complaint. The defendant pleaded not guilty to the charges in the complaint and the government moved for an order of pretrial detention on the ground that the defendant posed a risk of flight.

         A detention hearing was held on February 11, 2004. The defendant was represented by counsel at the hearing. The government proceeded by

proffer.  Following the hearing, Magistrate Judge Foschio ordered that the

defendant be detained pending trial finding that he posed a risk of flight.  On that

same date, Magistrate Judge Foschio issued an order of detention setting forth

the reasons for the detention.  See Dkt. No. 6.

On February 18, 2004, a one-count indictment was filed against the

defendant charging him with attempting to unlawfully enter the United States in

violation of 8 U.S.C. § 1326(a).  On October 20, 2004, a superceding indictment

was filed which added the charge of making a false statement to the Department

of Homeland Security in violation of 18 U.S.C. § 1001(a)(2).

In the meantime, on July 1, 2004, the defendant filed a *pro se*

motion for reconsideration of the detention order.[1]  Magistrate Judge Foschio

denied the motion on July 2, 2004.

On April 15, 2005, the defendant filed another motion for release

from custody, which this Court construes as a motion for review of Magistrate

Judge Foschio's detention order.  The government filed a response in opposition

to the motion on May 6, 2005, and on June 8, 2005, the government filed

supplemental papers in opposition to the defendant's motion.  Oral argument on

the motion was held on June 15, 2005.  Following oral argument, on June 23,

2005, the defendant filed further papers in support of his motion for release from

---

[1]  At that time, the defendant was represented by counsel.  However, on October 5, 2004, the Court granted the defendant's request to proceed *pro se* and permitted defense counsel to withdraw.

custody.  <u>See</u> Dkt. No. 78.

On July 1, 2005, the defendant filed a motion to strike the government's opposition papers.  <u>See</u> Dkt. No. 79.

## DISCUSSION

### I.   Motion to Strike

The defendant has moved to strike the government's opposition to his request for review of the detention order on the ground that he was not served with those documents.  A review of the government's submissions reflects that the government served a copy of those papers (Dkt. Nos. 74, 75 and 76) on June 8, 2005, via federal express delivery to the defendant at the Batavia Detention Facility.  Therefore, the defendant's motion to strike is denied.

### II.   Review of Magistrate Judge Foschio's Detention Order

Pursuant to 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may move for revocation or amendment of the detention order. Upon such motion, the district court must perform a *de novo* review of the magistrate judge's detention order.  <u>United States v. Leon</u>, 766 F.2d 77, 80 (2d Cir. 1985) (finding that a district court should "not simply defer to the judgment of the magistrate, but reach its own independent conclusion").  When making its *de novo* review, the district court may rely on the record of the proceedings before

the magistrate judge and may also accept additional evidence.   United States v.

Colombo, 777 F.2d 96, 98 (2d Cir. 1985); United States v. Delker, 757 F.2d

1390, 1395-96 (3d Cir. 1985).

Pursuant to 18 U.S.C. § 3142(e), the Court shall issue an order of

detention pending trial if it finds that "no condition or combination of conditions

will reasonably assure the appearance of the [defendant] as required and the

safety of any other person and the community."

Where the issue involves a defendant's risk of flight, the Second

Circuit has instructed that the Court must engage in a two-step inquiry:

> First, the court must make a finding as to whether the defendant
> presents a risk of flight if not detained.
>
> Second, if the court finds that a defendant is likely to flee, then the
> court must proceed to the second step of the inquiry, namely,
> whether there are conditions or a combination of conditions which
> reasonably will assure the presence of the defendant at trial if he is
> released.  The burden of proof is on the government to prove the
> absence of such conditions by a preponderance of the evidence.

United States v. Shakur, 817 F.2d 189, 194-95 (2d Cir.), cert. denied, 484 U.S.

840 (1987) (case citation omitted).

In determining whether a defendant should be detained, the Court

must consider the factors provided in 18 U.S.C. §3142(g):

> (1) The nature and circumstances of the offense charged, including
> whether the offense is a crime of violence or involves a narcotic
> drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Second Circuit has cautioned that, in applying these factors to any particular case, "the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." Shakur, 817 F.2d at 195 (quoting S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189). The Court's finding that the defendant poses a risk of flight must be supported by a preponderance of the evidence.

Applying the above principles and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by a preponderance of evidence that the defendant presents a risk of flight and that no condition or combination of conditions will reasonably assure his appearance at trial as required.

The first and second factors require the Court to consider the nature and circumstances of the offense and the weight of the evidence against the defendant. The defendant is charged with unlawfully attempting to re-enter the United States after previously having been deported, in violation of 8 U.S.C. §

1326(a), and with making a false statement to the Department of Homeland Security.

The evidence against the defendant appears to be strong.  The government proffered that on December 22, 2003, the defendant presented himself at the Rainbow Bridge in Niagara Falls, New York seeking entry into the United States.  He presented officials with a Canadian Passport and a Canadian citizenship card identifying himself as Emett Sakhwat Burney.  Following a routine processing, the defendant's fingerprints were captured and revealed that they matched fingerprints belonging to a citizen of Bangladesh named Sakhwat Ullah.  Further investigation revealed that Sakhwat Ullah was deported from the United States in January 2000.  Given the evidence against the defendant and the fact that he is an alien charged with illegal reentry, the Court finds that the first and second factors weigh heavily in support of detention.

With respect to the third factor, the Court should consider the history and characteristics of the person, including his criminal history, his family ties, his ties to the community, his employment and his financial resources.

From the evidence presented, it appears that the defendant is not a citizen of the United States.  He has no family ties in the area, no ties to the Western New York community, no employment and no apparent source of income.

In 1989, the defendant was convicted of making a false claim of United States citizenship and attempting to use a United States passport that

was obtained by making a false statement.  See Dkt. No. 76, Govt. Ex. 16, 17.

The false statement relates to the defendant's claim that he was a United States

citizen born in San Jose, California.[2]  This statement, which was made in the

defendant's passport application, contradicts statements made by the defendant

to the Social Security Administration, wherein the defendant first claimed that he

was born in Bangladesh, and later claimed that he was born in India.[3]

In May 1998, the defendant was convicted of willfully representing

himself to be a United States citizen and making a false statement to an agent of

the Immigration and Naturalization Service.  See Dkt. No. 76, Govt. Ex. 20, 21.

This conviction related to a letter written by the defendant to a United States

immigration judge wherein the defendant falsely claimed that he was a United

States citizen.

At oral argument, the defendant claimed that he is a citizen of the

United States.  The Court did not find this claim credible in light of the

overwhelming evidence indicating that he is not.  It is also inconsistent with the

---

[2]  In 1984, the defendant completed a United States passport application wherein he listed his place of birth as San Jose, California.  Based upon the information in the application, the defendant was issued a passport.  See Dkt. No. 75, Govt. Ex. 11.  In July 1985, the defendant completed a second passport application, claiming that he lost his original passport while travailing in Bangladesh.  The defendant was issued a second passport on July 8, 1985.  See  Dkt. No. 75, Govt. Ex. 12.  Thereafter, in 1987, the defendant again claimed to have lost his passport and was issued a third passport May 1987.  See Dkt. No. 76, Govt. Ex. 13.

[3]  In an application dated July 16, 1981, the defendant stated that he was born in Bangladesh.  In a subsequent application November 21, 1983, the defendant listed his place of birth as Khulna, India.  See Dkt. No. 75, Gov't Ex. 9.

Canadian passport that he presented to the border agents on December 23, 2003, which indicates that he was born in Bangladesh.

The defendant has been issued passports from Bangladesh, Canada, and Ireland.  The Canadian passport was issued under an alias, Emett Sakwat Burney.  The Irish passport was issued under the name Emett Burney.

In light of the defendant's prior convictions, his lack of ties to the Western New York community, his access to multiple passports under different names, his apparent ability to obtain false identification and his willingness to use false statements to gain illegal entry, the Court finds that the third factor weighs heavily in favor of detention.

The fourth factor requires the Court to consider the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  Because the government does not argue that the defendant poses a danger to the community, the Court finds that consideration of this factor does not weigh in favor of detention.  The Court notes however that the defendant faces a maximum sentence of two years on Count 1 of the superseding indictment, and a maximum of five years on Count 2.

After carefully examining the record of the proceedings before the Magistrate Judge, the various submissions by the parties and upon hearing argument before this Court, the Court finds by a preponderance of evidence that the defendant poses a risk of flight and that there exists no condition or combination of conditions that would reasonably assure the appearance of the defendant if released.  Therefore, the Court hereby orders the defendant detained pending trial.

## CONCLUSION

For the reasons stated, the Court hereby affirms Magistrate Judge Foschio's detention order and denies defendant's appeal.  The defendant's motion to strike the government's response papers is also denied.

The Court orders that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that defendant be afforded reasonable opportunity for private consultation with counsel.

Finally, the Court directs that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined deliver the defendant to a United States Marshal for the purpose of appearance in connection with any court proceeding.


IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT


Dated:   August 1   , 2005