UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                  DECISION AND ORDER
      v.                                           04-CR-030A

SAKHWAT ULLAH, JR.,

                Defendant.

---

## INTRODUCTION

This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(A), on February 23, 2004. Defendant Ullah, who is proceeding *pro se* in this criminal matter, filed motions: for severance (Dkt. No. 28); to dismiss the indictment and superseding indictment (Dkt. Nos. 29 and 37); for discovery (Dkt. No. 34); for *in limine* relief (Dkt. No. 35); for an evidentiary hearing (Dkt. No. 36); and for the return of seized property (Dkt. No. 54).

On March 17, 2005, Magistrate Judge Foschio filed a combined Report and Recommendation and Decision and Order. Magistrate Judge Foschio: denied the defendant's motion for severance; granted in part, denied in part, and dismissed as moot in part, defendant's motion for discovery; denied defendant's motion seeking *in limine* relief; denied defendant's motion for an

1

evidentiary hearing and denied defendant's motion for the return of seized property.

In addition, Magistrate Judge Foschio recommended that defendant's motions to dismiss the indictment and the superseding indictment be denied and that his motion to suppress evidence be denied in part and granted in part.

The defendant requested numerous extensions of time to file his objections, all of which were granted. On December 1, 2005, the defendant filed his objections to the Report and Recommendation and Decision and Order (Dkt. No. 111).

After reviewing defendant's objections and the entire record, the Court determined that an evidentiary hearing was necessary to address the defendant's motion to suppress statements and evidence that he claimed were obtained in violation of his Fourth and Fifth Amendment rights.

An evidentiary hearing was held on June 12, 2006, and continued on June 15, 2006. Following the hearing, the Court deemed the matter submitted and determined that oral argument on the defendant's remaining objections was unnecessary as the objections had been extensively briefed and the parties' positions sufficiently articulated.

**DISCUSSION**

A.  **Appeal of Decision and Order**

With regard to the defendant's appeal of Magistrate Judge Foschio's Decision and Order, pursuant to 28 U.S.C. § 636(b)(1)(A), this Court "may reconsider any pretrial matter under this [section] where it has been shown that the magistrate's order is clearly erroneous or contrary to law."  The Court has reviewed defendant's objections and Magistrate Judge Foschio's Decision and Order.  Upon such review, the Court finds that Magistrate Judge Foschio's Decision and Order is neither clearly erroneous nor contrary to law.  Accordingly, the Court affirms the Decision and Order, and denies the defendant's appeal.

B.  **Objections to the Report and Recommendation**

With regard to the defendant's objections to Magistrate Judge Foschio's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions of the parties, and upon conducting an evidentiary hearing relating to the defendant's motion to suppress, the Court: (1) adopts the Report and Recommendation relating to the defendant's motions to dismiss for the reasons stated in the Report

and Recommendation; and (2) denies the defendant's motion to suppress evidence for the reasons stated herein.

With regard to the suppression motion, the defendant had alleged that his Fourth and Fifth Amendment rights where violated because he was detained and questioned by authorities without *Miranda* warnings, and searched without a warrant or consent.  See Dkt. 111, at 3.  Because it was unclear from the record when the defendant was questioned and searched, what statements (if any) were obtained, and whether he was "in custody" at the time, the Court held an evidentiary hearing to clarify the facts surrounding the questioning and search of the defendant.

The evidence showed that the defendant attempted to enter the United States via the primary inspection traffic lane at the Rainbow Bridge, in Niagara Falls, New York, on December 22, 2003, at approximately 5:00 p.m.  He was initially questioned by Bureau of Immigration and Customs Enforcement ("BICE") Officer Steven Tart.  The defendant identified himself as a citizen of Canada, and presented a passport bearing the name Emett Sakwat Burney.  Officer Tart observed that the passport had been issued only 2 weeks earlier, and that the passport indicated that the defendant was born in Bangladesh.  Pursuant to routine questioning, Tart inquired into the purpose of the defendant's visit to the United States.  The defendant stated that he was seeking to enter the United States for the purpose of mailing several letters that he had with him.  Officer Tart

questioned the defendant about the content of the letters. Officer Tart testified that he found some of the defendant's answers to be inconsistent and made the determination to refer the defendant to secondary inspection. The entire encounter with Officer Tart lasted only a few minutes.

Upon arriving at secondary inspection, the defendant encountered BICE Officer William Cuva. Cuva testified that the defendant identified himself as a citizen of Mexico, and stated that he was entering the United States for the purpose of mailing letters at the post office. Cuva asked the defendant to exit the vehicle and wait in the waiting area. Cuva then conducted a routine search of the vehicle and found envelopes and a briefcase. It appears that the defendant's wallet also may have been searched at some point during this process.

Cuva was then provided with the defendant's passport (which had been held by Tart). Cuva noticed that defendant's passport indicated that he was born in Canada, not Mexico. Cuva confronted the defendant with the inconsistencies and the defendant claimed to have been "confused" by the questions because he was teaching in Mexico. He reiterated his contention that he was seeking to mail letters at the post office, asserting that he was doing it as a favor for a "friend" in Toronto, Canada, but refused to identify that friend. All of this activity occurred in the common area of the secondary inspection facility.

After about twenty minutes of questioning, and based upon the inconsistent answers given by the defendant, Cuva referred the defendant to an

Immigration Officer to do a background check on the defendant to see if he had been previously denied admission.

United States Customs Supervisory Officer Sean Needham testified that he was working the 4:00 p.m. to 12:00 a.m. shift on December 22, 2003, when he was asked to process an individual named Emitt Sakwat Burney for denial of admission into the United States.[1] As part of the routine procedures, the defendant's fingerprints were taken and processed. Needham testified that the fingerprints taken matched the fingerprints of an individual named Sakhwat Ullah, Jr., who had a criminal history and had been previously deported from the United States. A decision to detain the defendant was made after the fingerprint match occurred.

Based upon this testimony, the Court finds that all of the questioning of the defendant, as well as the search of his wallet and vehicle, occurred during the course of a routine border inspection that was conducted without violation of any of the defendant's constitutional rights.[2]

The law is clear that "routine questions [at the border] are necessary to enforce immigration and customs regulations," see United States v. Silva, 715

---

[1] It is not clear who made the decision to deny admission of the defendant into the United States, nor is it relevant to the Court's determination.

[2] The defendant had also objected to Magistrate Judge Foschio's determination that suppression should be denied because, as an alien without a significant voluntary connection to the United States, he lacked the protections accorded under the Fourth or Fifth Amendments. The Court declines to adopt that portion of Magistrate Judge Foschio's analysis, relying instead upon its finding that no Fourth or Fifth Amendment violations occurred.

F.2d 43, 47 (2d Cir. 1983), and that "*Miranda* warnings need not be given to one detained at the border and subjected to a routine customs inquiry." Id. at 46.  It is only when the questioning of the defendant becomes custodial in nature and information is being sought for the purpose of using it against the defendant at a criminal trial that *Miranda* warnings become necessary.  Id. at 47-48.

The questioning of the defendant by Officer Tart in the primary inspection area, and Officer Cuva in the secondary inspection area, were clearly the type of routine border inquires that do not require *Miranda* warnings. Accordingly, the Court finds no merit to the defendant's claim that his Fifth Amendment rights were violated.

As to the defendant's allegations of unlawful search, the evidence established that the defendant's vehicle and wallet were searched during a routine search in the secondary inspection area.  Such routine border searches of a person's belongings are made reasonable under the Fourth Amendment by the person's decision to enter this country.  See United States v. Irving, __ F.3d ___, 2006 WL 1735582 (2d Cir. June 23, 2006).  Routine searches include searches of vehicles, outer clothing, luggage, a wallet, pockets or shoes, or other searches that do not significantly infringe on a traveler's privacy rights.  Id.  More invasive searches, such as strip searches, require reasonable suspicion.  Id.  See also United States v. Montoya de Hernandez, 473 U.S. 531 (1985).

The taking of the defendant's fingerprints on December 22, 2003, also occurred as part of the routine processing of his denial of admission to the United States, for which neither reasonable suspicion nor a warrant was required. See United States v. Kaczmarak, 62 Fed. Appx. 510 (4th Cir. 2003) (unpublished summary order) (finding no Fourth Amendment violation when the defendant's fingerprints were taken during the course of a routine border search); Tabba v. Chertoff, 2005 WL 3531828, at *12 (W.D.N.Y. Dec. 22, 2005). Further, even if reasonable suspicion were required, it certainly existed at that point, in light of the defendant's inconsistent statements to the officers concerning his citizenship and his reasons for entering the United States.

Because the defendant's Fourth and Fifth Amendment rights were not violated, the Court finds that his motion to suppress evidence must be denied.

**C.   Remaining Pretrial Motions**

Both before and after the defendant filed his objections to the Magistrate Judge's Report and Recommendation and Decision and Order, the defendant filed a plethora of additional motions, which, for the most part, merely reiterated arguments that had been raised in his earlier motions and his objections. Specifically, the defendant filed renewed motions for severance (Dkt. No. 86), discovery (Dkt. No. 93), an evidentiary hearing (Dkt, No. 109), dismissal of the superseding indictment (Dkt. Nos. 94, 110), and for release from pretrial

custody (Dkt. Nos. 70, 95). He also filed a motion for sanctions against the government based upon outrageous government conduct (Dkt. No. 80).

With regard to the renewed motions for discovery, an evidentiary hearing and for dismissal of the superseding indictment, the defendant's motions for the most part simply reiterate arguments that already have been raised and rejected by the Magistrate Judge, and adopted by this Court. The Court hereby denies the defendant's renewed motions for discovery, an evidentiary hearing and dismissal of the superseding indictment for the reasons previously stated in the Report and Recommendation and Decision and Order.

In his renewed motion for severance, the defendant attempts to clarify the basis of his earlier severance motion.[3] The defendant seeks severance of the two counts charged in the superseding indictment, arguing that joinder of the two offenses is somehow prejudicial. Count one of the superseding indictment charges the defendant with being an alien who attempted to reenter the United States after having been previously deported, in violation of 18 U.S.C. § 1326(a). Count two charges the defendant with making a false statement in violation of 18 U.S.C. § 1001(a)(2), when he allegedly told federal officials that he is a citizen of Canada, which (according to the government) he is not.

---

[3] Magistrate Judge Foschio was unable to ascertain the basis for the defendant's request to server, and denied the motion on that ground.

Pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, offenses may be joined in an indictment if they are: (1) based upon the same act or transaction, (2) based on two or more acts or transactions constituting parts of a common scheme or plan, or (3) of the same or similar character. See Fed. R. Crim. P. 8(a); see also United States v. Turoff, 853 F.2d 1037, 1042 (2d Cir. 1988). Thus, offenses may be joined if they have a sufficient logical connection to one another, United States v. Ruiz, 894 F.2d 501, 505 (2d Cir. 1990), or where the same evidence may be used to prove each count. United States v. Blakney, 941 F.2d 114, 116 (2d Cir. 1991).

The offenses charged in counts one and two of the superseding indictment arose out of the same act or transaction, that is, the defendant's attempt to reenter the United States on December 22, 2003. There can be no doubt that joinder of the offenses is proper under Rule 8(a).

Rule 14 permits properly joined offenses to be severed where it appears that joinder of the offenses in the indictment will prejudice the defendant. See Fed. R. Crim. P. 14(a). However, the defendant bears a heavy burden in establishing prejudice, and must show that "there is a serious risk that a joint trial would compromise a specific trial right" of a defendant. Zafiro v. United States, 506 U.S. 534, 539 (1993). In other words, the defendant must show that absent severance, a "miscarriage of justice" would occur. See United States v. Potamitis, 739 F.2d 784, 790 (2d Cir.), cert. denied, 469 U.S. 934 (1984).

The defendant has failed to meet that burden. He has failed to explain how joinder of these two offenses in a single trial would result in a miscarriage of justice or compromise a specific trial right. The defendant's conclusory assertions that he will be "severely prejudiced" if the charges are tried together is simply insufficient to warrant severance. Accordingly, his motion to sever is denied.

The defendant has also filed a motion for sanctions against the government. That motion merely reiterates arguments previously made in other motions that have been rejected by the Magistrate Judge and by this Court. The is simply no merit to the defendant's allegations of government misconduct, selective prosecution or vindictive prosecution. Accordingly, the defendant's motion for sanctions is denied.

Defendant's motion for pretrial release is denied for the reasons set forth in this Court's August 1, 2005 Order, which denied an earlier motion for pretrial release. The Court finds no reason to alter its prior determination that the defendant poses a risk of flight and that there exists no condition or combination of conditions that would reasonably assure the appearance of the defendant if released.

**CONCLUSION**

To summarize, the Court denies the defendant's appeal of Magistrate Judge Foschio's Decision and Order denying his motions for severance, (Dkt. No. 28), discovery (Dkt. No. 34), for *in limine* relief (Dkt. No. 35), for an evidentiary hearing (Dkt. No. 36), and for the return of seized property (Dkt. No. 54).

The Court also denies the defendant's motions to dismiss the indictment and superseding indictment for the reasons stated by Magistrate Judge Foschio, and the defendant's motion to suppress evidence for the reasons stated herein (Dkt. Nos. 29, 37).

The defendant's renewed or outstanding pretrial motions for severance (Dkt. No. 86), discovery (Dkt. No. 93), an evidentiary hearing (Dkt. No. 109), dismissal of the superseding indictment (Dkt. Nos. 94, 110), release from pretrial custody (Dkt. Nos. 70, 95), and sanctions (Dkt. No. 80), are also denied.

The parties shall appear on Monday, July 17, 2006, at 9:00 a.m. for a meeting to set a trial date.

IT IS SO ORDERED.

          /s/ *Richard J. Arcara*
          HONORABLE RICHARD J. ARCARA
          CHIEF JUDGE
          UNITED STATES DISTRICT COURT

DATED: July  14 , 2006