UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                                                    ORDER
      v.                                     04-CR-30A

SAKHWAT ULLAH, JR.,

                 Defendant.

## **BACKGROUND**

On July 14, 2006 and August 14, 2006, this Court issued orders denying the defendant's pretrial motions to dismiss the indictment and for other relief. Trial was scheduled to commence on September 7, 2006. On August 24, 2006, the defendant, who is proceeding *pro se* in this criminal matter, filed a notice of appeal.

The parties appeared in Court on September 6, 2006, the day before trial was scheduled to commence. The defendant asked the Court to delay trial pending disposition of his pending appeal. The Court directed the parties to brief the issue of whether the filing of a notice of appeal by the defendant divested this Court of jurisdiction to proceed to trial. Trial was tentatively rescheduled to October 16, 2006.

1

**DISCUSSION**

The defendant argues that the filing of his notice of appeal on August 24th divested this Court of jurisdiction to proceed with trial. The government disagrees, and argues that because the trial may proceed because the orders appealed from are interlocutory in nature and, therefore, not appealable.

As a general matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals. United States v. Rivera, 844 F.2d 916, 921 (2d Cir.1988) ("Simply put, jurisdiction follows the mandate.").

However, this divestiture of jurisdiction rule is not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time. United States v. Rodgers 101 F.3d 247, 251 (2d Cir. 1996), cert. denied, 520 U.S. 1188 (1997). "Hence, its application is guided by concerns of efficiency and is not automatic." Id.

In this case, the defendant appeals from orders of this Court denying his motion to dismiss the appeal, for discovery, for severance and for various other pretrial relief. None of those orders are final, appealable orders, over which

2

the Second Circuit would have jurisdiction at this juncture. See United States v. Olmeda, ___ F. 3d ___, 2006 WL 2474880, *3 (2d Cir. Aug. 29, 2006) ("In general, [the Court of Appeals] lack[s] jurisdiction to review rulings made in criminal cases until a final judgment has been entered.").[1]  Where a criminal defendant files an interlocutory appeal over which the appellate court clearly lacks jurisdiction, the district may retain jurisdiction and proceed to trial as scheduled. See Rodgers, 101 F.3d at 251-52.  As the Second Circuit explained:

> We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal.

Id.  See also  Burger King Corp. v. The Horn & Hardart Co., 893 F.2d 525, 527 (2d Cir. 1990); Leonhard v. United States, 633 F.2d 599, 610-11 (2d Cir. 1980), cert. denied, 451 U.S. 908 (1981).

As it is clear that the defendant is seeking to appeal clearly interlocutory orders over which the Second Circuit does not have jurisdiction, the filing of the August 24th notice of appeal did not divest this Court of jurisdiction. Accordingly, trial will proceed as scheduled on October 16, 2006.[2]

---

[1] There are exceptions to that general rule, for example, in the case of an order denying a motion to dismiss on double jeopardy grounds.  However, none of the exceptions are applicable here.

[2] The Court is aware that there are a number of pending motions *in limine* which the Court will endeavor to decide before trial.

3

IT IS SO ORDERED.

                         <u>/s/ Richard J. Arcara</u>
                         HONORABLE RICHARD J. ARCARA
                         CHIEF JUDGE
                         UNITED STATES DISTRICT COURT

DATED: October 4, 2006