UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAKHWAT ULLAH, JR., 09630-008,

                Petitioner,

      v.

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**
09-CV-938A
04-CR-30A

---

## INTRODUCTION

On October 30, 2009, petitioner filed a motion under 28 U.S.C. § 2255 to vacate the judgment and conviction entered against him on March 20, 2007. On December 21, 2009, respondent filed a motion to dismiss the civil case related to petitioner's motion. Respondent contends that petitioner's civil case should be dismissed because, from its commencement through the present, petitioner has not been "in custody" within the meaning of habeas corpus jurisprudence. Because respondent has pointed out correctly that this Court lacks jurisdiction over petitioner's civil case, the Court will grant respondent's motion and denying petitioner's motion, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## BACKGROUND

The criminal case underlying petitioner's pending motion concerns the third time in the last 20 years that petitioner has attempted to enter and remain in the United States. Without repeating details already in the docket for petitioner's criminal case, the Court will note briefly that petitioner was convicted in 1991 and in 1998 for making false statements to respondent during attempts to enter the country and to obtain a United States passport. *See U.S. v. Ullah*, 215 F.3d 1335 (table), No. 99-50001, 2000 WL 340129 (9th Cir. 2000); *U.S. v. Ullah*, 990 F.2d 1265 (table), No. 91-10038, 1993 WL 78081 (9th Cir. 1993). Following his 1998 conviction, petitioner was deported to Bangladesh on or about January 4, 2000. Once removed, petitioner was prohibited from re-entering the United States for 10 years pursuant to 8 U.S.C. § 1182(a)(9)(A)(ii).

In a superseding indictment filed in this district on October 20, 2004, respondent charged petitioner with one count of attempted illegal re-entry and one count of making materially false statements. On November 3, 2006, a jury found petitioner guilty on both counts. On March 12, 2007, petitioner was sentenced to time served plus three years of supervised release. Upon expedited deportation, any remaining portion of the supervised release term would be unsupervised. Petitioner was deported to Canada on July 16, 2007. The United States Court of Appeals for the Second Circuit upheld petitioner's conviction on July 2, 2008. *See U.S. v. Ullah*, Nos. 06-4031-cr and 07-1181-cr,

2008 WL 2622757 (2d Cir. July 2, 2008) (summary order). From the information available in the docket, petitioner has remained in Canada continuously since his 2007 deportation. Petitioner also has been unsupervised since that time.

Over two years after his deportation, on October 30, 2009, petitioner filed his Section 2255 motion. In the motion, petitioner raises six different grounds for relief pertaining to evidentiary and trial issues, and to ineffective assistance of counsel.[1] In its motion to dismiss the civil case, respondent contends that any restraints on petitioner's liberty stemming from his conviction ended over two years before he filed his Section 2255 motion. "[G]iven that Ullah is under no restraint due to the unsupervised nature of his supervised release, and his liberty is not by any means affected by the continuing term of unsupervised supervised release, this case does not fall into the narrow category of cases where a continuing term of supervised release suffices to meet the 'in custody' requirement." (Dkt. No. 235.)

## DISCUSSION

"If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Section 2255

---

[1] Because the Court has determined that it lacks jurisdiction over the civil case, it will not address the possibility that at least some of the grounds for relief in petitioner's motion were adjudicated either at trial or on appeal and thus are barred by the law of the case doctrine.

3

Proc. R. 4(b). The information available to the Court here makes plain that petitioner has been in Canada, unsupervised, since July 16, 2007. Before considering any other issues in petitioner's motion, therefore, the Court must assess how petitioner's freedom from supervision affects its jurisdiction to consider his motion.

"In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. U.S.*, 37 F.3d 858, 860 (2d Cir. 1994) (citation omitted). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara County, Cal.*, 411 U.S. 345, 351 (1973). Here, long before he filed the pending motion, petitioner ceased experiencing any of the restraints on his liberty discussed in *Hensley*. Although "a petitioner under supervised release may be considered 'in custody,'" *Scanio*, 37 F.3d at 860, and petitioner's term of supervised release technically does not end until March 2010, it ended for practical purposes on July 16, 2007. Since his deportation, petitioner has not been "subject to restraints not shared by the public generally." *Hensley*, 411 U.S. at 351 (internal quotation marks and citation omitted). His restriction on entry into the United States would apply to any member of the public with the same immigration and criminal history. With respect to his conviction here and aside from any immigration issues in Canada,

4

he is free to "come and go [in Canada] as he pleases." *Id.* Once he was deported and his supervision ended, petitioner no longer was in a situation in which "[h]is freedom of movement rests in the hands of . . . judicial officers, who may demand his presence at any time and without a moment's notice" and in which "[d]isobedience is itself a criminal offense." *Id.* The remainder of petitioner's term of release thus is, at most, a theoretical and noncustodial punishment. Section 2255 "may not be used to bring collateral challenges addressed solely to noncustodial punishments." *Kaminski v. U.S.*, 339 F.3d 84, 87 (2d Cir. 2003) (citations omitted). Consequently, petitioner has not been "in custody" at any time since he filed his motion. Since petitioner cannot satisfy the jurisdictional requirement of Section 2255, the Court will deny his motion as legally defective.

## CONCLUSION

For all of the foregoing reasons, the Court grants respondent's motion. Petitioner's motion for relief under Section 2255, accordingly, is denied. The Clerk of the Court is directed to close the civil case associated with petitioner's motion.

In addition, the Court concludes for the reasons above that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. U.S.*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 11 , 2010